UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JIMMY RIVERA,

          Petitioner,

v.

STATE OF NEW JERSEY,

          Respondent.

Civil Action No. 21-11079 (MCA)

**MEMORANDUM OPINION**

**THIS MATTER** has been opened to the Court by Petitioner Jimmy Rivera's ("Petitioner") filing of his response to the Court's Order to Show Cause, which directed him to show cause as to why his petition should not be dismissed as untimely and/or unexhausted under the Antiterrorism Effective Death Penalty Act ("AEDPA"). For the reasons explained in this Memorandum Opinion, the Court dismisses the Petition without prejudice for failure to exhaust state court remedies. The Court also provides Petitioner with 45 days to file a motion to reopen this matter if he can provide facts in support of equitable tolling <u>and</u> show that he is entitled to a stay in order to exhaust his state court remedies.

The instant Petition raises four grounds for relief and is dated April 28, 2021. The Petition also contains the required notice pursuant to *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000). The Petition does not, however, list the date of Petitioner's judgment of conviction

("JOC") and states that Petitioner did not file a direct appeal or a petition for postconviction relief ("PCR").[1]  *See* Petition at 2-3.

The Court screened the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and directed Petitioner to show cause as to why the Petition should not be dismissed as untimely and/or for failure to exhaust his state court remedies.  Specifically, the Court directed Petitioner to provide the date of his Judgment of Conviction ("JOC") and the dates on which each of his four grounds for relief were adjudicated by the state courts on direct appeal or in a PCR.  To the extent any of his claims for relief were time barred and/or unexhausted, the Court directed Petitioner to provide arguments for equitable tolling and inform the Court as to whether he wished to delete the unexhausted claims or seek a stay to exhaust the those claims in state court.  *See* ECF No. 2.

In response to the Court's Order to Show Cause, Petitioner lists the date of his judgment of conviction as March 15, 2018, and states that he is withdrawing his guilty plea due to a wrongful confession and denial of his *Miranda* rights.  *See* ECF No. 3, Response at 1.  Petitioner does not provide the date on which he filed his motion to withdraw his guilty plea or the date on which that motion was decided by the state court.  *See id.*  Nor does Petitioner provide facts showing that he has good cause for failing to exhaust his *Miranda* claim and that the *Miranda* claim (or any of his habeas claims) is meritorious.  *See id.*

---

[1] The Petition lists a federal civil action, Civ. No. 19-18160, Taylor v. Dept. Homeland Security, which was filed purportedly by a "next friend" on February 20, 2020 in the Camden Vicinage. This action, brought pursuant to 28 U.S.C. § 2241, appears to challenge immigration detainers issued against Petitioner and another inmate, and Judge Hillman dismissed that petition on or about February 20, 2020.

Petitioner states, however, that he is not a native English speaker and that the prison has lacked a law library for two years due to the COVID-19 pandemic. *Id.* Petitioner also contends that the "lower court" does not have "jurisdiction" over "immigration" matters. *See id.* Petitioner appears to seek a stay to exhaust unspecified claims in state court. *Id.*

The Court has conducted a search on New Jersey Court's Promis Gavel Public Access website, which is a publicly available database for New Jersey criminal cases. *See* https://portal.njcourts.gov/webe41/ExternalPGPA/ (last visited June 8, 2023). The Promis Gavel database lists two New Jersey convictions for Petitioner. *See id.* As relevant here, Petitioner pleaded guilty to Bergen County Indictment # 18-06-00709-I for endangering the welfare of a child in violation of N.J.S.A. 2C:24-4, and was sentenced on December 14, 2018, to a 14-year term, with a 7-year parole disqualifier.[2] *See id.* Promis Gavel also lists appeal and motion information for each criminal case and indicates that Petitioner did not file a direct appeal or a PCR in connection with his conviction and sentence under Bergen County Indictment # 18-06-00709-I. *See id.*

As the Court explained in it prior Order, AEDPA prescribes a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2241(d)(1). Pursuant to 28 U.S.C. § 2241(d)(1), [t]he limitation period shall run from the latest of—

---

[2] In addition, Petitioner separately pleaded guilty to Middlesex County Indictment # 18-07-01041-I for aggravated sexual assault, in violation of 2C:14-2B, and was sentenced on May 20, 2019, to a nine-year term, subject to the No Early Release Act ("NERA"). Petitioner did not file a direct appeal or a petition for postconviction relief with respect to this conviction. Petitioner primarily references the Bergen County Indictment in his Petition, but Petitioner refers to "agg [sic] sexual contact" in his Petition and argues in Ground four of the Petition that the sentences he received for the Bergen County and Middlesex County convictions were both excessive. *See* Petition at 1 and 10.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under 28 U.S.C. 2241(d)(2),"[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001). The statute of limitations set out in § 2244(d)(1) is applied on a claim-by-claim basis. *See Fielder v. Varner*, 379 F.3d 113, 118 (3d

Cir. 2004). Thus, "a late-accruing federal habeas claim" does not "open the door for the assertion of other claims that had become time-barred years earlier." *Id.* at 120.

Here, Petitioner's conviction and sentence on Indictment # 18-06-00709-I was entered on or about December 14, 2018. New Jersey Court Rule 2:4-1 provides a litigant with 45 days to file a notice of appeal from a final judgment. *See also Thompson v. Administrator New Jersey State Prison*, 701 F. App'x. 118, 123 (3d Cir. 2017) (explaining the same in its timeliness analysis under AEDPA). Because Petitioner did not file a direct appeal, his judgment of conviction became final under AEDPA 45 days after it was entered. Because Petitioner did not file a petition for postconviction relief in state court within one year of his final judgment in order to toll the limitations period, he is not entitled to statutory tolling.[3] Thus, his conviction for Indictment # 18-06-00709-I became final on January 28, 2019, and his one-year limitations period to bring a federal habeas expired on or about January 28, 2020.[4] Absent equitable tolling, his Petition is untimely. Moreover, because none of the grounds for relief in the Petition are exhausted, and the Petition is also subject to dismissal without prejudice for failure to exhaust state court remedies.

---

[3] Petitioner has not provided any information suggesting that he has filed a direct appeal, PCR, or other collateral motion in state court; nevertheless, if Petitioner has filed any challenges to his conviction or sentence in state court, he is free to submit a motion to reopen in this matter and provide the court with the relevant date(s) and the disposition(s), if any.

[4] Petitioner's aggravated sexual assault conviction under Indictment # 18-07-01041-I was entered on or about May 20, 2019 and he did not file a direct appeal or a petition for postconviction relief. Therefore, this conviction became final on or about July 4, 2019, and his one-year limitations period to bring a federal habeas petition expired on or about July 4, 2020. The Petition lists Bergen County Indictment # 18-06-00709-I as the conviction Petitioner is challenging, but Ground Four of the Petition contends that both state court convictions were excessive. Petitioner is not able to bring claims related to more than one criminal judgment in single Petition and must file a separate Petition for each judgment of conviction, along with the filing fee. If Petitioner moves to reopen this matter, he is free to clarify whether he is seeking to challenge more than one judgment of conviction.

Petitioner's response to the Order to Show Cause does not demonstrate that he is entitled to equitable tolling. The Supreme Court has held that the habeas time bar is not jurisdictional but is instead subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010). In *Holland*, the Supreme Court held that equitable tolling is proper only where the petitioner "shows (1) that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649. Petitioner bears the burden of proving both requirements. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008). Excusable neglect is insufficient to warrant equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

Petitioner cites to the COVID-19 pandemic as an extraordinary circumstance, but one-year limitations period expired for his Bergen County conviction on or about January 28, 2020, <u>prior</u> to start of the COVID-19 pandemic. To receive equitable tolling, Petitioner would need to provide facts showing that he was diligently pursuing his rights and that extraordinary circumstances stood in his way for the entire period between January 28, 2019, and April 28, 2021. Because Petitioner has not done so, his Petition is subject to dismissal as untimely.

Moreover, all of the claims in the Petition appear unexhausted because Petitioner did not file a direct appeal or a petition for postconviction relief. Petitioner does not explain why he failed to exhaust his claims and the potential merit of those claims. In order to receive a stay to return to state court, Petitioner must show good cause for his failure to exhaust, the potential merits of his unexhausted claims, and that he has not engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 274, 278 (2005). Thus, even if Petitioner could establish a basis for equitable tolling and the Court assumes he is not engaged in dilatory tactics, he has

not provided sufficient facts to warrant a stay for him to return to state court to exhaust any of his claims.

For the reasons stated above, the Court dismisses the petition at screening <u>without prejudice</u> for failure to exhaust state court remedies.  If Petitioner can provide facts in support of equitable tolling <u>and</u> facts to support a stay of the Petition, he may file a motion to reopen within 45 days of the date of the Order accompanying this Memorandum Opinion.  An appropriate Order follows.

6/22/23

**Hon. Madeline Cox Arleo**
**UNITED STATES DISTRICT JUDGE**